**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------X
**ALEXANDER GARCIA SANCHEZ,**                         :
                                                       :    **01 Cr. 908 (HB)**
                                                       :    **04 Civ. 1827 (HB)**
                              **Petitioner,**          :
                                                       :
                              **-v-**                   :    **OPINION & ORDER**
                                                       :
**UNITED STATES OF AMERICA,**                          :
                                                       :
                              **Respondent.**          :
----------------------------------------------------------------------X

**Hon. HAROLD BAER, JR., District Judge[*]:**

On March 8, 2004, pursuant to 28 U.S.C. §2255, Petitioner, Alexander Garcia Sanchez ("Sanchez"), petitioned this Court for a writ of *habeas corpus* to vacate this Court's July 30, 2002 sentence of fifty months and certain special conditions, including supervised release, as specified in the Final Judgment. (Dckt. 24.) Petitioner claims: (1) ineffective assistance of counsel, (2) a flawed indictment, (3) a violation of the Sixth Amendment right to confront a witness, and (4) insufficient evidence to support a conviction. For the foregoing reasons, Sanchez's petition is DENIED.

## I.    BACKGROUND

On December 11, 2001, the Government filed a Superseding Indictment which charged Sanchez with (1) conspiracy to distribute and (2) distribution of narcotics in violation of 21 U.S.C. §§ 846 and 841. (Indictment at ¶¶ 3, 3a-b) (Dckt. 9.) Petitioner was also indicted, with Henry Vargas Sanchez ("Vargas"), for his participation in a plot to extort payment for a drug debt owed to a Riker's Island inmate in violation of 18 U.S.C. §§1951 and 1952. (Indictment at ¶¶ 4-5.)

On January 22, 2002, trial commenced in the United States District Court for the Southern District of New York. During the course of the trial, the prosecution called three witnesses: (1) the alleged victim of the extortion, Radames Gonzalez (a/k/a "Papo") ("Gonzalez") (Trial Tr. 83:3); (2) DEA Special Agent Louis Milione, who arrested Sanchez and reported statements made to him by Sanchez (Trial Tr. 30:19); and, (3) DEA Special Agent

---

[*] Mychii Snape, a spring 2005 intern in my Chambers, and currently a second-year law student at Columbia University School of Law, provided substantial assistance in the research and drafting of this Opinion.

Daria Lupacchino, who seized items from Sanchez's person at the time of his arrest (Trial Tr. 177:6). The prosecution also presented physical evidence, including: (1) visitor logs from Riker's Island to reveal that Vargas and Sanchez visited the prison on the date the extortion began (Trial Tr. 37:6-23, 85:16-88:13); (2) records that demonstrate Sanchez's cellular phone was used to contact Gonzalez (Trial Tr. 199:3 – 201:11); (3) a cellular phone seized at the time of arrest (Trial Tr. 199:3-201:11); (4) a tape-recorded conversation between Sanchez and Gonzalez (Trial Tr. 115:9 – 116:19); (5) a business card with Gonzalez's name and inmate identification number on the front, and Gonzalez's name, type of car, work and home addresses written on the back (Trial Tr. 201:15-203:14); and, (6) a summary of self-inculpatory statements offered by Vargas at his plea-allocution ("Vargas Statement"). (Dckt. 15.)

On January 24, 2002, a jury found Sanchez guilty for his participation in the extortion conspiracy and attempted extortion of Gonzalez in violation of 18 U.S.C. §§ 1951 and 1952. (Dckt. 24.) Sanchez appealed to the Second Circuit. (Dckt. 26.) Sanchez argued that the inclusion of statements from Vargas's plea-allocution violated the Sixth amendment right to confront a witness. This Court's conclusions were affirmed. (Dckt. 30.)

## II.    LEGAL STANDARD

To prevail on a writ of *habeas corpus*, the petitioner must demonstrate the:

> [R]ight to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. §2255 (2005). As a collateral action, *habeas corpus* is not a substitute for direct appeal, and a petitioner who "fails properly to raise his claim on direct review is barred from obtaining collateral relief under Section 2255 unless he establishes *cause* for the waiver and shows *actual prejudice* resulting from the alleged error." Velasquez v. United States, 24 F.Supp.2d 320, 321 (S.D.N.Y. 1998) (citing Reed v. Farley, 512 U.S. 339 (1994)) (internal quotations omitted) (emphasis added), see also Olaya-Rodriguez v. United States, No. 02 Civ. 4153, 2003 WL 21219854, at *2 (S.D.N.Y. May 23, 2003). "Cause" for the waiver requires the petitioner to demonstrate that he was prevented from filing a direct appeal. See Olaya-Rodriguez, 2003 WL 21219854, at *2. Similarly, "actual prejudice" requires that the claim be of merit, thereby denying the petitioner justice if it were not heard based on the procedural default. See Olaya-Rodriguez, 2003 WL 21219854, at *2. As such, the Second Circuit requires a

petitioner to demonstrate: "actual innocence on the existing record" and an inability to "effectively raise their claim of innocence at an earlier time." Bellomo v. United States, 344 F.Supp.2d 429, 434 (S.D.N.Y. 2004) (citing to Cephas v. Nash, 328 F.3d 98, 104 (2d Cir. 2003)).

Indeed, *habeas corpus* does not provide an opportunity to relitigate previously adjudicated issues. When the court has previously made a finding on direct review, generally, the decision will not be re-examined to avoid repetitive review of resolved disputes. See United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997), see also Guzman v. United States, No. 02 Civ. 5672, 2003 WL 22023985 (S.D.N.Y. Aug. 27, 2003).

## III.    DISCUSSION

Sanchez presents four arguments in support of his petition for a writ of *habeas corpus*: (1) ineffective assistance of counsel, (2) invalid indictment, (3) violation of the Confrontation Clause of the Sixth Amendment, and (4) insufficient evidence to convict.

### A.    Ineffective Assistance of Counsel

Sanchez claims that the court lacked jurisdiction and his attorney's failure to raise this issue evidences ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, the petitioner must demonstrate that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable possibility that but for counsel's unprofessional errors, the result of the proceeding would have been different." Bell v. Cone, 535 U.S. 685, 694 (2002) (citing to Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)) (emphasis added); see also United States v. Birkin, 366 F.3d 95, 100 (2d Cir. 2004).

Here, Sanchez was arrested and prosecuted in New York County, New York, for conduct that he committed within the jurisdiction. Petitioner's attorney did not claim lack of personal jurisdiction because personal jurisdiction clearly existed. See U.S. Const. art. III, § 2, cl. 3 ("[t]he Trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed."); U.S. Const. amend. VI ("the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed.") See also United States v. Geibel, 369 F.3d 682, 696 (2d Cir. 2004) ("Where a federal statute defining an offense does not explicitly indicate where a criminal act is deemed to have been committed, the site of a charged offense must be determined from the nature of the crime alleged and the location of the act or acts constituting it.") (internal citations omitted). Had counsel presented such a claim, it would have failed. See United States v. Bodmer, 342 F.Supp.2d 176,

188 (S.D.N.Y. 2004) ("If venue is proper, the court does not inquire into whether it has jurisdiction over the defendant, or the extent of the defendant's contacts with the forum state. Jurisdiction is presumed by virtue of the defendant's presence.") (citing to Ker v. Illinois, 119 U.S. 436, 440-43 (1886)).

Indeed, personal jurisdiction unquestionably existed and failure to assert a baseless claim does not fall below an objective standard of reasonableness nor prejudice the defendant. See United States v. Kirsch, 54 F.3d 1062, 1071 (2d Cir. 1995) (denying ineffective assistance claim in part because motions not pursued by counsel were without merit); see also James v. Artus, No. 03 Civ. 7612, 2005 WL 859245, at *16 (S.D.N.Y. Apr. 15, 2005) ("counsel cannot be ineffective for failing to raise a meritless claim"); Carbajal v. United States, No. 99 Civ. 1916, 2004 WL 2283658, at *6 (S.D.N.Y. Oct. 8, 2004) ("counsel did not render ineffective assistance by failing to raise this meritless claim").

Accordingly, Sanchez's first claim for relief, on the grounds of ineffective assistance of counsel, is DENIED.

**B.**     **Invalid Indictment**

In addition to the extortion related charges, the Indictment also charged Sanchez with distribution of, and conspiracy to distribute narcotics in violation of 21 U.S.C. §§ 841 and 846. Petitioner was acquitted on this count. Sanchez now asserts that the Indictment and conviction were defective because 21 U.S.C §§ 846 and 841 do not apply to private citizens, but solely to persons licensed to distribute drugs.

In general, a petition will fail when "it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." Mitchell v. Esparza, 540 U.S. 12, 17-18 (2003). Here, Petitioner was not convicted under either statute. However, assuming *arguendo* that Sanchez's claim is meritorious, the plain language of each of the statutes does not suggest that its application is limited to people licensed to distribute drugs. United States v. Rodriguez, No. 00 Cr. 1251, 2004 WL 102750, at *1 (S.D.N.Y. Jan. 21, 2004). Indeed, both statutes, 21 U.S.C. §§ 846 and 841, specifically apply to "any person." The portion of the Indictment that charged Petitioner with violation of 21 U.S.C. §§846 and 841 failed to have any impact on the Petitioner's convictions under 18 U.S.C. §§1951 and 1952.

Moreover, Petitioner failed to present this claim on direct appeal and, therefore, cannot now claim "actual innocence." Petitioner is procedurally barred from asserting this claim. See

Bellomo v. United States, 344 F.Supp.2d 429, 434-5 (S.D.N.Y. 2004) (citing De Jesus v. United States, 161 F.3d 99, 102 (2d Cir. 1998)).

Therefore, Petitioner's second claim for relief, on the grounds of a flawed indictment, is DENIED.

## C.     Violation of Confrontation Clause Rights

Petitioner also claims that introduction of Vargas's statement violated his Sixth Amendment Rights under the Confrontation Clause.

Petitioner previously litigated the claim on direct appeal and was denied relief by the Second Circuit.  In United States v. Sanchez, No. 02 Cr. 1476, 2003 WL 22348896 (2d Cir. Oct. 15, 2003), the Second Circuit held that redacted statements from Vargas's plea allocution were properly admitted at trial and petitioner's claim was without merit.  As a result, this claim is not cognizable on collateral review because Petitioner failed to present any new facts that warrant additional review.  See Olanrewaju v. United States, No. 03 Civ. 2590, 2004 WL 117602, at *1 (S.D.N.Y. Jan. 26, 2004) (citing to Raiscos-Prado v. United States, 66 F.3d 30, 33 (2d Cir. 1995) ("Section 2255 may not be employed to relitigate questions which were raised and considered on direct appeal") (internal citation omitted).

Moreover, the Supreme Court's subsequent decision in Crawford v. Washington, 541 U.S. 36, 59 (2004), which held that a criminal defendant's Sixth Amendment Right to confront the witnesses against him requires that "testimonial statement of witnesses absent from trial [be] admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine [the declarant]," does not apply to Petitioner's claim.  Were Petitioner on trial today, it is conceivable that Vargas's plea-allocution statements may have only be admitted if Vargas were to testify or otherwise comply with Crawford.[1]  However, Crawford

---

[1] In Teague v. Lane, 489 U.S. 288 (1989), the Supreme Court held that when a new constitutional rule of criminal procedure is adopted – i.e., "it breaks new ground or imposes a new obligation on the State or Federal government," Teague, 489 U.S. at 301 – it "will not be applicable to those cases which have become final before [the rule is announced]." Teague, 489 U.S. at 310.  The Court established two limited exceptions to this principle.  A new rules may apply in a habeas corpus proceedings if: (1) "it places an entire category of primary conduct beyond the reach of the criminal law," or (2) established a "watershed" rule whose retroactive application is "necessary to the fundamental fairness of the criminal process." Coker v. United States, No. 01Civ.5045, 2003 WL 1563374, at *3 (S.D.N.Y. Mar. 25, 2003) (citing to Teague, 489 U.S. at 310-12).  Nothing announced in Crawford would change Petitioner's underlying conduct from illegal to legal – extortion is still a crime.  Moreover, since Teague was announced, the Supreme Court has not found a new "watershed" rule of criminal procedure that warrants retroactive application.  "Indeed, since 1989, beginning with the rule at issue in Teague, the Court has measured at least eleven new rules of criminal procedure against the criteria for the second exception and, in every case, has refused to apply the rule at issue retroactively on habeas corpus." Coleman v. United States, 329 F.3d 77, 89 (2d Cir 2003) (internal

applies <u>only</u> to "new cases" or cases that were pending on direct review prior to the Supreme Court's decision.  Here, Petitioner's case became final in 2003 when the Second Circuit denied Petitioner's appeal for violation of his Sixth Amendment Rights under the Confrontation Clause.

Therefore, Petitioner's third claim for relief, on the grounds that his Sixth Amendment Confrontation Clause rights were violated, is DENIED.

## D.    <u>Insufficient Evidence for Conviction</u>

Sanchez lastly claims the evidence presented at trial was insufficient to prove his guilt beyond a reasonable doubt.  On review, the trial court must determine, "after viewing the evidence in the light most favorable to the prosecution,  [if] any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Wright v. West</u>, 505 U.S. 277, 283-4 (1992) (internal citation omitted), <u>see also</u> <u>United States v. Espaillet</u>, 380 F.3d 713, 718 (2d Cir. 2004).

Based on the aforementioned, the prosecution presented ample evidence upon which a rational trier of fact could establish Sanchez's guilt for attempted extortion and conspiracy to extort.  Accordingly, Petitioner's fourth claim for relief, on the grounds that his conviction was based on insufficient evidence, is DENIED.

## IV.    CONCLUSION

For the aforementioned reasons, the petition is DENIED.

The Clerk of the Court is instructed to close this case and any pending motions and ORDERED to remove this case from my docket.

---

citation omitted).  Moreover, the Second Circuit has noted that the rule announced in <u>Crawford</u> was not sufficient to warrant retroactive application as a "watershed" rule of criminal procedure.  <u>See</u> <u>Mungo v. Duncan,</u> 393 F.3d 327, 335 (2d Cir. 2004) ("assuming that <u>Crawford</u> announced a new rule, the question of its retroactivity turns, for our purposes, on whether the rule is necessary to the fundamental fairness, and improves the accuracy, or criminal proceedings.  We do not believe that <u>Crawford</u> necessarily improves the overall accuracy of the criminal process").

applies only to "new cases" or cases that were pending on direct review prior to the Supreme Court's decision. Here, Petitioner's case became final in 2003 when the Second Circuit denied Petitioner's appeal for violation of his Sixth Amendment Rights under the Confrontation Clause.

Therefore, Petitioner's third claim for relief, on the grounds that his Sixth Amendment Confrontation Clause rights were violated, is DENIED.

## D.     Insufficient Evidence for Conviction

Sanchez lastly claims the evidence presented at trial was insufficient to prove his guilt beyond a reasonable doubt. On review, the trial court must determine, "after viewing the evidence in the light most favorable to the prosecution, [if] any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Wright v. West, 505 U.S. 277, 283-4 (1992) (internal citation omitted), see also United States v. Espaillet, 380 F.3d 713, 718 (2d Cir. 2004).

Based on the aforementioned, the prosecution presented ample evidence upon which a rational trier of fact could establish Sanchez's guilt for attempted extortion and conspiracy to extort. Accordingly, Petitioner's fourth claim for relief, on the grounds that his conviction was based on insufficient evidence, is DENIED.

## IV.     CONCLUSION

For the aforementioned reasons, the petition is DENIED.

The Clerk of the Court is instructed to close this case and any pending motions and ORDERED to remove this case from my docket.

**IT IS SO ORDERED.**

**New York, New York**

**April 30 2005**

                                                    U.S.D.J.

---

citation omitted). Moreover, the Second Circuit has noted that the rule announced in Crawford was not sufficient to warrant retroactive application as a "watershed" rule of criminal procedure. See Mungo v. Duncan, 393 F.3d 327, 335 (2d Cir. 2004) ("assuming that Crawford announced a new rule, the question of its retroactivity turns, for our purposes, on whether the rule is necessary to the fundamental fairness, and improves the accuracy, or criminal proceedings. We do not believe that Crawford necessarily improves the overall accuracy of the criminal process").